NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JINYAO ZHAO,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.   15-72110<br><br>Agency No. A099-444-070<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2021[**]
Pasadena, California

Before: CALLAHAN, OWENS, and FORREST, Circuit Judges.

Jinyao Zhao, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") denial of his applications for asylum and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny Zhao's petition.

1.      Zhao first argues that the BIA erred in upholding the immigration judge's ("IJ") adverse credibility finding.  "We review factual findings, including adverse credibility determinations, for substantial evidence."  *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020).  "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)).

The BIA affirmed the IJ's adverse credibility determination based on Zhao's lack of responsiveness and evasiveness in answering questions, and the fact that Zhao's testimony conflicted with the available documentary evidence.  These inconsistencies primarily related to the testimony concerning three events.  First, Zhao did not provide any records corroborating his claim that he was injured in a bus accident which required hospitalization, an event which Zhao claims spurred him to join a Christian church that was ultimately raided by Chinese police, resulting in his arrest.  Zhao explained that the hospital did not have any records because the bus company paid for his treatment, which the IJ did not find

---

[1] Zhao does not challenge the BIA's denial of his application for protection under the Convention Against Torture.

responsive or persuasive, and Zhao presented no other corroborating evidence of the accident. Second, Zhao said his employer fired him immediately after his arrest in January 2005, a claim which was contradicted by documents showing he was employed through August 2006. The IJ found Zhao's attempt to explain this by stating that the company did not have accurate records because it changed management in 2000 to be similarly unpersuasive. Third, Zhao claimed to have "escaped" from China despite being under surveillance from Chinese authorities. But Zhao later stated that he was able to travel to Beijing and interview at the United States Embassy as part of the process of obtaining a travel passport and visa, even though Chinese authorities were inspecting the papers of individuals who had appointments at the embassy. When asked to explain how he made it into the embassy despite being under surveillance, Zhao just said "[t]hat one I don't know." Given these inconsistencies in the record, the BIA's adverse credibility determination is supported by substantial evidence.

2. Zhao next argues that the BIA erred by upholding the IJ's finding that Zhao failed to meet his burden to show that evidence corroborating his claims was unavailable. Zhao contends that he was never "given an adequate opportunity to explain why it was not reasonable for his family to obtain the additional requested evidence." "[W]e may not reverse the IJ's and BIA's conclusion that" a petitioner should have been able to obtain corroborative evidence "unless 'a reasonable trier

3

of fact is compelled to conclude that such corroborating evidence is unavailable.'"

*Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)).

Zhao's claim that he was not given an opportunity to explain why corroborating evidence was unavailable is not supported by the record. Zhao was able to submit documents attempting to address this issue, and the IJ gave him a further opportunity to submit additional evidence before rendering a final decision on the merits. Zhao has failed to demonstrate that the record compels the conclusion that the IJ erred by not providing him the opportunity to submit corroborating evidence or explain why such evidence was not available.

The petition for review is **DENIED**.